**The PEOPLE of the State of Colorado, Complainant,**

v.

**David Paul SMITH, Attorney–Respondent.**

**No. 88SA98.**

Supreme Court of Colorado, En Banc.

June 23, 1988.

Linda Donnelly, Disciplinary Pros., Denver, for complainant.

DiManna & Jackson, Gary M. Jackson, Denver, for attorney-respondent.

KIRSHBAUM, Justice.

David Paul Smith, you appear before this court to receive a public censure for your professional misconduct. A formal complaint was filed with the Grievance Committee on October 29, 1987, charging you with professional misconduct during the course of your representation of Paul Daniluk. You and the disciplinary prosecutor have executed a stipulation, agreement and conditional admission of misconduct, containing a recommendation by the disciplinary prosecutor that you receive a public censure for professional misconduct, a recommendation by you that you agree to receive a private censure, and an agreement by you to accept the imposition of either a private or a public censure. An inquiry panel of the Committee unanimously approved the stipulation and recommended that you receive a public censure. We agree that a public censure is appropriate for your admitted violations of the Code of Professional Responsibility, under the circumstances of this case and, therefore, accept the Committee's recommendation.

You were admitted to the practice of law in this state on April 26, 1972, and have since then been registered with this court as an attorney. Accordingly, pursuant to C.R.C.P. 241.1(b), you are subject to the jurisdiction of this court and its Grievance Committee respecting your conduct as an attorney. The following facts are based upon the stipulation you have executed.

On July 2, 1986, Farmland Industries, Inc. filed a lawsuit against Paul Daniluk, doing business as AAA Building Systems Company, in the Jefferson County District Court. The lawsuit stemmed from allegations that Daniluk owed approximately $6,000 to Farmland under an agreement permitting Daniluk to sell buildings manufactured by Farmland. At the time the complaint was filed, Daniluk agreed that he owed money to Farmland, but felt he was entitled to a set-off in the amount of $1,600 because he had spent that sum to correct a problem in one of the units manufactured by Farmland. You agreed to represent Daniluk in this matter.

On July 15, 1986, you filed an answer to the complaint on behalf of your client. You listed 6093 South Quebec, Englewood, Colorado 80111, as your address and listed 741-5905 as your telephone number. The attorney for Farmland sent a notice of setting to you at the Englewood address. She experienced difficulty contacting you, but ultimately spoke with you by telephone on August 13, 1986, and obtained your agreement to a trial date of January 5, 1987. During the telephone conversation, you informed her that you would present a settlement offer to her on behalf of your client.

On August 26, 1986, Farmland's attorney sent you a letter requesting that you contact her by September 8 with respect to any proposed settlement offer. You did not reply to the letter or to follow-up telephone messages from this attorney. On September 8, 1986, Farmland filed a motion for summary judgment, a copy of which was sent to you at the Englewood address. The notice was returned to the attorney with the notation "return to sender, moved, left no address."

Farmland's attorney then contacted the Attorney Registration Office, and was informed that your registered address was 655 Broadway, Denver, Colorado. A copy of the summary judgment motion sent to that address was returned marked "return to sender—moved, left no address."

The motion for summary judgment was granted on December 1, 1986, and judgment was entered in favor of Farmland and against Daniluk. The district court judge who entered the order noted that a briefing schedule forwarded to you at the Englewood address had been returned marked "moved—left no address," and that when the court attempted to reach you by telephone, it was advised that the telephone number you listed had been disconnected.

When Daniluk first retained you, he informed you of his wish to delay the Farm-

land case until after the beginning of 1987, at which time he hoped to be in a financial position to pay a negotiated settlement. The only contact Daniluk had with you after the filing of the lawsuit consisted of one telephone conversation sometime between August 13 and December 1, 1986, during which you informed him that a trial date had been set after the first of the year. Daniluk first learned of the entry of a judgment against him when he was served with garnishment papers in December of 1986. Daniluk attempted to contact you, without success, and was forced to obtain new counsel. A settlement was ultimately negotiated which recognized the $1,600 credit and established a payment schedule. Daniluk was unable to meet the payment schedule and instituted bankruptcy proceedings. Daniluk did not pay you any sums other than the amount of the filing fee required to file the answer.

You have asked this court to impose a private censure rather than a public censure, relying principally on the content of a letter of mitigating circumstances you submitted to the Committee in February of 1988. The letter recites that at the time of your representation of Daniluk you were suffering substantial personal and emotional difficulties; severe financial hardships, including a foreclosure on your family residence; and the stress of relocating yourself and your family to a new home while simultaneously attempting to relocate your law practice. The letter indicates that you have relocated your family, secured a new location for your law practice, and retained support staff to prevent the recurrence of similar misconduct. The letter also indicates that you made numerous efforts to rectify the consequences of your misconduct. However, in a response to your letter the disciplinary prosecutor notes that you did not contact Daniluk or apologize to him.

You acknowledge that your conduct violated C.R.C.P. 227(2)(b) and 241.6 as well as DR1–102(A)(1) (violation of a disciplinary rule) and DR6–101(A)(3) (neglecting a legal matter) of the Code of Professional Responsibility. Your failure to provide this court, the trial court, your client and opposing counsel with accurate information concerning your address and telephone number resulted in severe consequences for your client. You are an experienced attorney and must be deemed to have been aware of your responsibility to inform this court and your clients of your current business address and telephone number. We also note that in September of 1983 you received a letter of admonition for unrelated professional misconduct.

Although you were presented with an opportunity to accomplish your client's objectives through a negotiated settlement, your refusal to follow through on your August 13, 1986, telephone discussion with the attorney for Farmland and to respond to her written inquiry and telephone messages resulted in hardship to your client. You made no effort to inform yourself of Daniluk's position with regard to settlement, although that was your client's stated objective in securing your professional assistance. Although you received no remuneration for your services, we conclude that your repeated neglect of your professional responsibilities, coupled with the fact that you have previously received a letter of admonition for professional misconduct, justifies the imposition of this public censure. While the personal and financial difficulties described in your letter of mitigation understandably increased the stress imposed by the demands of your practice, we conclude that this public censure is appropriate in view of your repeated failure in representing Daniluk to fulfill the minimum level of competency required of all attorneys.

This public censure will be considered in the event that you should in the future again violate provisions of the Code of Professional Responsibility. You are also ordered to pay the sum of $57.07, representing the costs of disciplinary proceedings in this matter, to the Colorado Supreme Court Grievance Committee, 600–17th Street, Suite 500–S, Denver, Colorado 80202–5435, within thirty days of the date of this opinion.