The PEOPLE of the State of Colorado, Complainant,

v.

Niel L. GOOD, Respondent.

No. 90SA119.

Supreme Court of Colorado,
En Banc.

April 23, 1990.

Susan L. Fralick, Asst. Disciplinary Counsel, and Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Niel L. Good, Lakewood, pro se.

PER CURIAM.

The Supreme Court Grievance Committee has recommended that the respondent attorney, Niel L. Good, be publicly censured for his professional misconduct. We accept the committee's recommendation.

The respondent originally was admitted to practice law in Colorado in 1964 and is subject to the disciplinary jurisdiction of this court and its Grievance Committee. Good has stipulated to the facts, his professional misconduct and the proposed discipline.

Good accepted a $500 retainer and agreed to represent a client by instituting a paternity action concerning the client's daughter. The respondent neglected the case and approximately fifteen months elapsed before he filed the paternity action.

Dissatisfied with Good's performance, the client filed this grievance and retained a new attorney to pursue the paternity action. Because the paternity action was pending at the time of the stipulation, the committee was unable to determine if the client had sustained any actual monetary damages. However, Good's misconduct exposed his client to potential damages with respect to her claims for the expenses of her pregnancy and childbirth and for child support. Good's misconduct is grounds for discipline under C.R.C.P. 241.6 and violated the following provisions of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule), DR 6–101(A)(3) (neglect of a legal matter), and DR 7–101(A)(1) (failure to seek client's lawful objectives).

The committee's recommendation that a public censure be imposed is consistent with Standard 4.43 of the ABA *Standards for Imposing Lawyer Sanctions* (1986), which states:

> Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

We have imposed public censures in other neglect cases. *See, e.g., People v. Smith*, 769 P.2d 1078 (Colo.1989); *People v. Smith*, 757 P.2d 628 (Colo.1988).

Good has a prior disciplinary record; he was suspended indefinitely in 1978 and was reinstated in 1984. *See People v. Good*, 195 Colo. 177, 576 P.2d 1020 (1978). That case involved multiple acts of misconduct which occurred approximately fifteen to twenty years ago. Because the earlier misconduct was remote in time, the Grievance Committee did not consider Good's prior discipline case to be an aggravating factor under ABA Standard 9.22. We do not find this reasoning entirely persuasive. Good's prior case is relevant to the discipline to be imposed. Some of his prior misconduct involved similar neglect of his clients' cases and the misconduct in this case began only two or three years after Good was reinstated. Under these circumstances, no form of private discipline would be appropriate.

*Cf.* Standard 4.44 ("Admonition is generally appropriate when a lawyer is negligent and does not act with reasonable discipline in representing a client, and causes little or no actual or potential injury to a client.").

Accordingly, we accept the committee's recommendation and publicly censure the respondent Niel L. Good. Clients reasonably expect their attorneys to handle promptly the legal matters which are entrusted to them. There is no excuse for the delay which Good caused his client. We publicly reprimand him for failing to meet this basic responsibility to his client and we also assess costs in the amount of $43.70 against him. The costs are payable within thirty days of the date of this opinion to the Supreme Court Grievance Committee, Suite 510–S, 600 Seventeenth Street, Denver, Colorado 80202–5435.