The PEOPLE of the State of Colorado, Complainant,

v.

William F. ROBINSON, III, Attorney–Respondent.

No. 90SA317.

Supreme Court of Colorado, En Banc.

Nov. 13, 1990.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Theodore A. Borrillo, Denver, for attorney-respondent.

## PER CURIAM.

This is an attorney discipline case. On June 21, 1990, the respondent, William F. Robinson, III, and the assistant disciplinary counsel for the Supreme Court Grievance Committee entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee, with two members dissenting, accepted the stipulation and agreement and recommended that respondent be disciplined by public censure, and be assessed the costs of the proceedings. We accept the stipulation and agreement, and conclude that the number and seriousness of the charges warrant public censure.

## I.

The respondent was admitted to the bar of this court on April 7, 1966, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The stipulation and agreement contains three counts, arising from two formal complaints.

## A.

### Complaint GC 87A–78

In the stipulation and agreement, the respondent admitted the following facts. On October 2, 1988, Steve Prall III was arrested in Adams County for driving under the influence. Three days later, Prall met with the respondent at his office regarding representation in the criminal case. Prall and the respondent entered into a written fee agreement which required that a $500 retainer be paid before October 21, 1988. The agreement stated that the respondent would not enter an appearance in the case until the entire $500 was paid, and acknowledged receipt of $20 paid in cash. On October 15, 1988, Prall paid the respondent $250 in cash, and an additional $180 by check. The respondent gave Prall a receipt for the $250 paid in cash.

Neither Prall nor the respondent appeared for Prall's first court appearance on November 2, 1988. When Prall finally reached him on November 12, 1988, the respondent stated that he had not appeared because Prall had not paid the full retainer.

Prall was arrested in Boulder on December 20, 1988, when he called the police to investigate a hit and run traffic accident. A routine check revealed a warrant for Prall's arrest because of his failure to appear in Adams County Court. Prall's mother called the respondent at his home on December 22, 1988. The respondent told her that he would check his file, but that he had only been paid a $20 retainer. The next day the respondent wrote to Prall's mother. The letter indicated that the respondent had checked his file and Prall had only paid $20. The respondent stated that he would not be entering an appearance for Prall.

On January 3, 1989, Prall appeared *pro se* and was advised of his rights and a pretrial conference was set. On February 27, 1989, Prall entered into a plea disposition which allowed him to plead to the lesser charge of driving while ability impaired in exchange for dismissal of the driving under the influence charge. The earlier bench warrant was quashed and sentencing was set for July 20, 1989. Prall received a suspended jail sentence, probation, and alcohol education treatment.

Prall filed his request for investigation of the respondent on February 17, 1989. The respondent returned the full amount Prall paid him, $450, by letter dated April 14, 1989.

The respondent stipulated, and we agree, that his conduct violated C.R.C.P. 241.6 (grounds for lawyer discipline), as well as DR 2–110(A)(3) (a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned), and DR 9–102(B)(3) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the lawyer's possession and render appropriate accounts to his client regarding them).[1]

## B.

### Complaint GC 89A–33

### Count I.

On July 24, 1986, Lewis J. Atley was arrested in Denver on charges of possession, distribution, and conspiracy to sell narcotics. In August, 1986, Atley met with the respondent and an employee of the respondent's law firm, Larry Bergman, to discuss representation in the criminal case.

Bergman was a lawyer admitted to practice in Florida, but not in Colorado. Originally admitted in 1973 in Florida, Bergman worked as a deputy district attorney for about ten years. After a short period of private practice in Florida, Bergman returned to Colorado in 1985 and began working for the respondent's law firm in 1986. Because Bergman had extensive trial experience in drug cases in Florida, Atley hired the respondent's law firm to represent him, and the firm entered its appearance as counsel of record.

Bergman performed the bulk of the work on the case, making at least one court appearance in county court without the respondent, talking to and counseling Atley, and researching and drafting a motion to suppress statements and evidence. The respondent never moved under C.R.C.P. 221 for Bergman's special admission in the Atley case.[2]

On September 17, 1986, an Arapahoe County District Attorney filed a complaint with the Unauthorized Practice of Law Committee alleging that Bergman was improperly practicing law in Colorado. The investigation showed that Bergman had not been admitted to practice in Colorado, and that he had been suspended by the Florida Supreme Court for six months, effective September 21, 1986. The respondent learned of Bergman's suspension on September 11, 1986.

On January 5, 1987, the respondent advised the Denver District Court that he would be filing a motion to suppress. On that same day, Bergman filed the motion to suppress. Bergman had researched, drafted, and edited the motion and was largely responsible for its preparation and had signed the respondent's name and initialed the motion with the respondent's prior approval before it was filed.

Atley failed to appear at the motions hearing set for February 20, 1987. The respondent appeared and orally advised the court that he would be filing a motion to withdraw, but he filed no such motion. On March 9, 1987, the date set for trial, the court learned that Atley had been arrested on another narcotics charge in Pueblo, and issued a writ of *habeas corpus ad prosequendum*. Atley and the respondent appeared on March 20, 1987. The motion to suppress was scheduled to be heard April 10, 1987, and the jury trial was set for May 4, 1987. However, a disposition was reached and the respondent appeared with Atley on April 9, 1987, when Atley received a Crim.P. 11 advisement and entered a plea. Sentencing was set for May 4, 1987.

The respondent did not timely appear on May 4. At Atley's request, the court replaced the respondent by appointing the Public Defender as counsel of record. After May 4, Atley attempted to telephone the respondent a number of times without

---

1. After a pretrial investigation, the assistant disciplinary counsel concluded that it could not be proven by clear and convincing evidence, as alleged in the original complaint, that the respondent agreed to appear on November 2, 1988, for Prall, or that the respondent agreed to represent Prall as long as there were sufficient funds on deposit for him to bill against.

2. For a lawyer licensed to practice in another jurisdiction to be specially admitted under C.R.C.P. 221, the lawyer must be "in good standing" in the other jurisdiction.

success. The respondent stated that he was unaware of Atley's calls. On June 15, 1987, Atley was sentenced to six years in the custody of the Department of Corrections. Sometime after June 15, Atley wrote two letters to the respondent, but the respondent failed to answer Atley's letters.

The respondent admits, and we agree, that his conduct violated C.R.C.P. 241.6, as well as DR 3–101(A) (a lawyer shall not aid a nonlawyer in the unauthorized practice of law), and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him).[3]

### Count II.

In 1986, the respondent's law firm, over his signature, appeared as counsel of record in two felony cases then pending in Arapahoe County Court: *People v. David Witt*, No. 86F597; and *People v. Vincent Smith*, No. 85F1011.

In the *Witt* case, Bergman appeared on behalf of the defendant and for the respondent on June 25, July 17, August 7, and August 28, 1986. On August 28, 1986, Bergman represented Witt at the preliminary hearing, including making the opening and closing statements, and cross-examining the witnesses. The case was bound over to the district court after a finding of probable cause. On the date set for Witt's arraignment, September 16, 1986, the Arapahoe County District Attorney advised the court that Bergman was not licensed to practice law in Colorado. The district court remanded the case to county court for a new preliminary hearing. The respondent appeared with Witt on October 9, and October 28, 1986. On the latter date, the court granted the prosecution's motion to dismiss the case with prejudice.

Bergman appeared at Smith's preliminary hearing on July 11, 1986. He negotiated a plea disposition and signed a waiver of preliminary hearing on behalf of Smith. When the district court judge learned that Bergman was not licensed in Colorado, he remanded the case to county court for either a new preliminary hearing or waiver. The respondent later withdrew from the *Smith* case for reasons unrelated to this proceeding.

As in the *Atley* case, the respondent never moved for Bergman's special admission in the *Witt* or *Smith* case. The respondent has stipulated, and we agree, that his conduct violated C.R.C.P. 241.6 and DR 3–101(A).

### II.

The assistant disciplinary counsel has stipulated that there was little or no harm to the respondent's clients attributable to the respondent's misconduct. While we find that conclusion questionable, we will accept for purposes of this opinion that the disciplinary counsel cannot prove by clear and convincing evidence that any of the respondent's clients were harmed by the misconduct established in this proceeding.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), "[a]dmonition is generally appropriate when a lawyer is negligent in dealing with client property and causes little or no actual or potential injury to a client." *ABA Standards* § 4.14. Admonition also is appropriate when the lawyer's isolated act of negligence in handling a legal matter causes little or no actual or potential injury to a client. *ABA Standards* § 4.54. In the absence of aggravating or mitigating factors, admonition might also be appropriate if a lawyer's isolated act of negligence results in aiding a nonlawyer in the unauthorized practice of law and causes little or no injury to the client. *See ABA Standards* § 7.4. In the instant case, however, aggravating factors are present. These aggravating factors consist of the following: (1) a prior disciplinary offense (letter of admonition for neglect in 1982) (*ABA Standards* § 9.22(a)); (2) multiple offenses (*ABA Standards* § 9.22(d)); and (3) sub-

---

**3.** After investigation, the assistant disciplinary counsel concluded that it could not be proven by clear and convincing evidence that the re-

spondent handled the Atley case without adequate preparation. *See* DR 6–101(A)(2).

**478**

stantial experience in the practice of law (*ABA Standards* § 9.22(i)). In light of the prior admonition for neglect and the multiple offenses, we reject the respondent's suggestion that some form of discipline less than a public censure is appropriate. *See, e.g., People v. Good,* 790 P.2d 331 (Colo.1990) (lawyer's prior disciplinary record rendered private censure inappropriate for neglect of legal matter). Indeed, if any of the respondent's clients had suffered demonstrable injury by reason of his misconduct, we would impose an even more severe sanction than the recommended public censure.

## III.

Accordingly, we accept the stipulation and agreement and the recommendation of the inquiry panel of the grievance committee and publicly censure the respondent William F. Robinson, III. There was no justification for Robinson to allow Bergman to appear on behalf of Robinson's clients and otherwise practice law after Robinson had knowledge that Bergman had not been licensed in Colorado. In addition, clients sensibly expect their attorney to exercise reasonable care with respect to their funds and property in the attorney's possession, and to promptly refund any unearned fees. Finally, lawyers have a duty to promptly and diligently attend to legal matters that clients entrust to them. For violation of all of these duties, we publicly censure Robinson and assess him the costs of these proceedings in the amount of $87.10. The costs are payable within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80203.