**The PEOPLE of the State of Colorado, Complainant,**

v.

**David R. MOFFITT, Attorney–Respondent.**

**No. 90SA321.**

Supreme Court of Colorado, En Banc.

Dec. 10, 1990.

Linda Donnelly, Disciplinary Counsel, Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Chris Melonakis, Northglenn, for atty.-respondent.

PER CURIAM.

In this disciplinary action, the respondent, David R. Moffitt, and the assistant disciplinary counsel for the Supreme Court Grievance Committee entered into a stipulation of facts, which was submitted to the hearing board. Based upon the stipulation of facts and the testimony of the respondent, the hearing board found that the respondent neglected a legal matter entrusted to him and engaged in conduct prejudicial to the administration of justice. The board recommended that the respondent receive a private censure. The hearing panel approved the findings of fact but modified the recommendation of the hearing board from private censure to a public censure. *See* C.R.C.P. 241.15(b). In light of the respondent's prior disciplinary record of neglecting legal matters, we accept the recommendation of the hearing panel and order that the respondent be publicly censured and pay the costs of these proceedings.

I

The respondent was admitted to the bar of this court on May 2, 1973, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The respondent stipulated to the following facts.

Luanne Moore retained the respondent in March 1984 to defend her against a charge of driving under the influence of alcohol arising out of her arrest on March 2, 1984. He advised Moore of her rights regarding the revocation of her driver's license by the Motor Vehicle Division of the Department of Revenue (MVD). On March 19, 1984, MVD revoked Moore's license, effective March 30, 1984. Moore requested an ad-

ministrative hearing and obtained a temporary permit to drive on March 29.

On May 25, 1984, the respondent represented Moore at the administrative hearing at which her driving privileges were again revoked. The respondent filed a petition for judicial review and a motion to reinstate Moore's license in the Jefferson County District Court on June 8, 1984, and her license was reinstated on that date. The administrative record and transcript was filed on November 16, 1984. On January 17, 1985, the district court ordered Moore to file her brief within forty days and a copy of the order was sent to the respondent.

The respondent failed to file the brief and on April 22, 1985, the district court dismissed the petition, vacated the reinstatement order, and remanded the case to MVD for enforcement of the revocation order. The respondent notified Moore of the district court's action when he received the order of dismissal. He agreed to refund $300 of the $500 Moore paid him to prosecute the appeal. The respondent filed a motion to set aside the district court's order on April 29, but the motion was denied without a hearing on May 17, 1985.

The respondent later agreed to Moore's request to refund the full $500 and to file a motion for reconsideration of the motion to set aside the district court's order. On July 1, 1985, he filed a notice to set a hearing on a motion to reconsider the district court's denial of his motion to set aside. The motion to reconsider was filed July 24, 1985, and denied without a hearing two days later. On August 14, 1985, the respondent delivered $500 to Moore.

Moore retained another attorney to represent her in a possible malpractice action against the respondent. On February 10, 1986, Moore's new attorney wrote to the respondent about the malpractice claim and extended a settlement offer. Moore's attorney and the respondent discussed the offer the following day. One week later, Moore's attorney made a reduced settlement offer to the respondent in a letter. One of the terms of the offer was that Moore and her husband would execute a release of all claims against the respondent, including their right to file a grievance against him.

The respondent wrote to Moore's attorney on August 11, 1986, and stated that he wanted "to resolve [Moore's claim] either without litigation or further action in other arenas of jurisdiction concerning attorneys, as we have previously discussed." The respondent offered to pay Moore $5,000 at $250 per month. His offer was accepted, and on August 15, 1986, the respondent executed a promissory note in the amount of $5,000 to Moore and her husband, and payable at $250 per month at 10% interest.

The respondent made the first payment in November 1986, and then fell in arrears. On August 4, 1987, the Moores filed an action in Arapahoe County Court for the balance due on the note. A default judgment was entered against the respondent in the amount of $3,750 plus interest, attorney's fees and costs. The respondent's debt to the Moores was subsequently discharged in a bankruptcy proceeding.

## II

The respondent stipulated, and we agree, that his failure to file a brief on Moore's behalf constituted neglect of a legal matter entrusted to him, contrary to DR 6–101(A)(3), and that his effort to condition settlement of the malpractice claim upon Moore's agreement not to file a grievance against him constituted conduct prejudicial to the administration of justice, in violation of DR 1–102(A)(5). The respondent's misconduct also violated C.R.C.P. 241.6 (grounds for lawyer discipline), and DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule).

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), absent aggravating or mitigating circumstances, "[r]eprimand [public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *ABA Standards* 4.43.

The hearing board found the existence of four aggravating factors: (1) two prior disciplinary offenses, both involving neglect, for which the respondent received letters of admonition (*ABA Standards* 9.22(a)); and (2) multiple offenses (*ABA Standards* 9.22(c)).

In mitigation, the hearing board found: (1) the absence of a selfish or dishonest motive (*ABA Standards* 9.32(b)); (2) full and free disclosure and cooperation in the disciplinary proceedings by the respondent (*ABA Standards* 9.32(e)); (3) remorse (*ABA Standards* 9.32(*l*)); and (4) immediate good faith effort to rectify the consequences of the respondent's misconduct (*ABA Standards* 9.32(d)).

Nevertheless, given the similar prior disciplinary offenses, we reject the hearing board's recommendation and agree with the hearing panel's conclusion that anything less than a public censure is not appropriate. *See, e.g., People v. Robinson,* 803 P.2d 474 (Colo.1990) (in light of prior admonition for neglect and multiple offenses, discipline less than public censure was inappropriate); *People v. Good,* 790 P.2d 331 (Colo.1990) (lawyer's prior disciplinary record rendered private censure inappropriate for neglect of legal matter).

### III

Accordingly, we accept the recommendation of the hearing panel of the grievance committee and publicly censure the respondent David R. Moffitt. Lawyers have a duty to promptly and diligently attend to legal matters that clients entrust to them. Furthermore, there was no excuse for the respondent's attempt to subvert the grievance process by conditioning settlement of the malpractice claim upon Moore's forbearance to file a grievance against him. For violation of these duties, we publicly reprimand Moffitt and assess him the costs of these proceedings in the amount of $153.10. The costs are payable within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80203.