**The PEOPLE of the State of Colorado, Complainant,**

v.

**Stuart George BARR, Attorney–Respondent.**

**No. 90SA450.**

Supreme Court of Colorado, En Banc.

Feb. 11, 1991.

---

Linda Donnelly, Disciplinary Counsel, Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Stuart George Barr, Denver, pro se.

PER CURIAM.

In this attorney discipline proceeding, the hearing panel of the Supreme Court Grievance Committee unanimously approved the findings and recommendation of the hearing board that the respondent, Stuart George Barr, receive a public censure. The board found that the respondent neglected a legal matter entrusted to him, engaged in conduct prejudicial to the administration of justice, and failed to cooperate with the grievance committee without good cause. We accept the recommendation of the panel that the respondent be publicly censured, order that he refund an unearned retainer with interest, and assess the respondent the costs of these proceedings.

I

The respondent was admitted to the bar of this court on April 26, 1972, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b).

The complaint filed by the assistant disciplinary counsel had two counts. Count I charged the respondent with violations of DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule); DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him); and C.R.C.P. 241.6(1) (any act or omission which violates Code of Professional Responsibility is ground for lawyer discipline). Count I contained additional allegations of misconduct that were dismissed on motion of the assistant disciplinary counsel. Count II charged the respondent with failing to respond to a request of the grievance committee without good cause, contrary to C.R.C.P. 241.6(7).

The respondent and the assistant disciplinary counsel entered into a stipulation of facts and partial admission of misconduct which was presented along with other documentary evidence to the hearing board. The board also heard testimony from the respondent and the complaining witness, Sandra K. Bolen, and made the following findings.

A

Count I

Bolen retained the respondent on December 8, 1986 to commence a proceeding for the dissolution of her marriage. She instructed the respondent that she wished to complete the divorce quickly because she planned to move out of state. Bolen paid the respondent a $250 retainer. The respondent advised Bolen that he would serve her husband by publication because the husband's present whereabouts were unknown.

The respondent filed the petition for dissolution of marriage and order for publication of summons in district court on March 23, 1987. The district court signed no order permitting service by publication, *see*

§ 14–10–107(4)(a), 6B C.R.S. (1987), and returned the motion and order for publication of summons to the respondent's office.

During the summer of 1987, Bolen made numerous attempts to contact the respondent by leaving messages with his secretary. She also sent letters to the respondent on July 10 and August 18 1987, requesting that the respondent call her. The respondent did not return Bolen's telephone calls and did not answer her letters. Bolen was unable to determine the status of the dissolution of marriage proceeding.

Bolen testified that the respondent told her the publication period had passed, the ninety-day waiting period had passed at the end of August 1987, and that he would set a date to finalize the dissolution. The respondent denied making those statements. The hearing board concluded it was not shown by clear and convincing evidence that the respondent made those misrepresentations.

On September 2, 1987, Bolen left a message with the respondent's secretary asking the respondent to contact her that day or to return the retainer she had paid him. The respondent never returned Bolen's call and did not refund the retainer.

The district court issued an order on October 16, 1987, for the respondent to show cause in writing why the case should not be dismissed on November 18, 1987 for failure to prosecute. C.R.C.P. 121 § 1–10(2). The respondent filed a motion to reinstate the case on or about November 18, 1987. On November 27, 1987, the district court ordered that the case either be set for hearing within thirty days or it would be dismissed without further notice. The respondent did not set the case for hearing, and on December 31, 1987, the district court dismissed the petition for dissolution.

The respondent admitted, and the hearing board found, that the respondent's failure to obtain the order for service by publication, his failure to return his client's telephone calls, and his failure to set the case for hearing as ordered by the district court violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him).

By failing to set the hearing as ordered by the court, the respondent also violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). By virtue of the foregoing, the respondent violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P. 241.6(1) (any act or omission which violates Code of Professional Responsibility is ground for lawyer discipline). The hearing board believed the evidence insufficient to establish that the respondent lied to Bolen and thus declined to find by clear and convincing evidence that the respondent violated DR 1–102(A)(4).

### B

### Count II

Bolen sent a request for investigation of the respondent to the grievance committee on or about September 4, 1987. The respondent received notice of the request for investigation from the grievance committee on September 14, 1987, and his response was due on October 2, 1987. On October 9, 1987, the grievance committee sent a letter to the respondent directing him to file a response.

When a grievance committee investigator contacted the respondent on August 29, 1988, the respondent stated that he had previously filed a written response to the request for investigation, and that he would deliver a copy of his response along with file documents by the next day. On September 9, 1988, the respondent delivered copies of file documents but failed to include a copy of his response.

The respondent told the investigator on September 14, 1988 that he would either provide a copy of his response that same day or call the investigator back if he could not locate it. On September 29, 1988, the respondent advised the investigator that he was unable to find a copy of his response and agreed to meet the investigator that day at 3:30 p.m. The respondent did not appear for the appointment and did not call to cancel the appointment.

The respondent admitted, and we agree, that this conduct violated C.R.C.P. 241.6(7)

(failure to respond to a request by the grievance committee without good cause constitutes ground for lawyer discipline). The hearing board found that this misconduct was mitigated, however, by the respondent's involvement in the hearing and his subsequent cooperation with the assistant disciplinary counsel and board.

## II

The hearing panel unanimously approved the recommendation of the hearing board that the respondent receive a public censure for his misconduct and refund to Bolen the $250 retainer with interest from the date the retainer was paid to him, December 8, 1986. Neither the assistant disciplinary counsel nor the respondent filed exceptions to the hearing panel's findings and recommendation. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), absent aggravating or mitigating circumstances, public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *ABA Standards* 4.43.

In aggravation, the hearing board found that there was a pattern of misconduct, *ABA Standards* 9.22(c); and that the respondent has a record of prior discipline, *ABA Standards* 9.22(a). He received a private censure on October 27, 1988.

The hearing board found the following factors in mitigation: (1) the absence of a selfish or dishonest motive, *ABA Standards* 9.32(b); (2) at the time of the misconduct, the respondent was suffering from personal and emotional problems, *ABA Standards* 9.32(c); and (3) the respondent evidenced a cooperative attitude toward the proceedings, *ABA Standards* 9.32(e).

We view the respondent's neglect and initial failure to cooperate with the grievance committee as serious misconduct. Given the factors in mitigation and the respondent's subsequent cooperation, however, we agree that public censure is an appropriate sanction.

## III

Accordingly, we accept the recommendation of the hearing panel of the grievance committee and publicly censure the respondent Stuart George Barr. Lawyers have a duty to promptly and diligently attend to legal matters that clients entrust to them. Lawyers also have a duty to respond to requests made by this court's grievance committee. For violation of these duties, we publicly reprimand Barr and order that he refund $250 plus statutory interest from December 6, 1986 to Sandra K. Bolen within thirty days from the announcement of this opinion. We assess Barr the costs of these proceedings in the amount of $1,016.10. The costs are payable within thirty days after the date of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.