The PEOPLE of the State of
Colorado, Complainant,

v.

Stuart George BARR, Attorney–
Respondent.

No. 91SA294.

Supreme Court of Colorado,
En Banc.

Oct. 7, 1991.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Stuart George Barr, pro se.

PER CURIAM.

The hearing panel of the Supreme Court Grievance Committee unanimously approved the findings of fact and recommendation of the hearing board that the respondent, Stuart George Barr, be suspended for one year and one day from the practice of law. The panel also recommended that the respondent pay restitution plus statutory interest, be required to show that he has pursued individual psychotherapy as a condition of reinstatement, and be assessed the costs of the proceeding. Except for the requirement of therapy, we accept the recommendation of the panel. We order that the respondent be suspended, pay restitution plus interest, and be assessed the costs of these proceedings.

I

The respondent was admitted to the bar of this court on April 26, 1972, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The hearing board consolidated two complaints filed by the assistant disciplinary counsel. The respondent was found to be in default because he did not answer either complaint, and the factual allegations of the complaints were deemed admitted. C.R.C.P. 241.13(b); *People v. Crimaldi,* 804 P.2d 863, 864 (Colo.1991). Based on the admitted allegations in the complaints and the exhibits tendered by the assistant disciplinary counsel, the board found that the following facts were established by clear and convincing evidence.

A

No. GC90A–70

The respondent and his wife were divorced on December 18, 1986, and the divorce decree incorporated a written agreement between the parties. The respondent fell approximately $16,000 behind on the payments for child support, education, and maintenance as provided by the agreement. On January 6, 1989, the district court notified the respondent that a $2,500 check that he had paid into the registry of the court had been returned for insufficient funds and that further payments would have to be made by cash, money order, or

certified check. In late 1989 and early 1990, the district court found that the respondent had the ability to perform under the court's earlier orders and was in willful contempt of court.

The hearing board found, and we agree, that the respondent's conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law).

### B

### No. GC90A–82

On January 4, 1988, Glenn and Cynthia Takimoto retained the respondent to pursue a fraud claim against several principals involved with Imperial Mortgage. They paid the respondent a $2,500 retainer. The respondent did not file suit as he had promised and the Takimotos called the respondent several times. He assured them he would file the action immediately. The respondent, however, did not file the action in 1988 or 1989.

The Takimotos decided to get their retainer back. Between August and November 1989, they left several telephone messages for the respondent, but none were returned. On March 15, 1990, the Takimotos wrote to the respondent, terminating his employment, and demanding a refund of the unused portion of the retainer. The respondent wrote back three weeks later and promised to provide a final statement the following week. The respondent never provided the accounting and did not return the retainer.

The respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). In addition, because the respondent did not file a reply to the Takimoto's request for investigation, he violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

The second count of complaint No. GC90A–82 alleged that on December 5, 1989, the respondent filed an action on behalf of his client, Shirley Garrity, in Denver District Court, seeking a declaratory judgment construing a lease and a security deposit. The defendants, Russ and Marilyn Staff, filed a counterclaim against Garrity. On July 3, 1990, the district judge denied the respondent's motion to withdraw as Garrity's counsel. The matter was called for trial on July 20, 1990. Although he had assured members of the district judge's staff that he would be back from Boston in time for the trial, the respondent was still in Massachusetts when the case was called on the morning of July 20. The case was tried in the afternoon in the respondent's absence. The district judge found in favor of the Staffs on both the declaratory judgment claim and the counterclaim, and entered judgment against Garrity in the amount of about $5,000.

We agree with the hearing board that the respondent's conduct violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice); and DR 6–101(A)(3) (neglect). The respondent also failed to reply to the request for investigation in the Garrity matter, in violation of C.R.C.P. 241.6(7). Because of the foregoing, the respondent also violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule); and C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline).

### II

The hearing panel has recommended that the respondent be suspended from the practice of law for one year and one day. Neither the assistant disciplinary counsel nor the respondent have excepted to this recommendation. With respect to the respondent's neglect of the Takimoto and Garrity matters, the American Bar Association's *Standards for Imposing Lawyer*

*Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, calls for suspension when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *ABA Standards* 4.42. As for the respondent's willful failure to pay child support and maintenance as ordered, *ABA Standards* 6.22 provides that "[s]uspension is appropriate when a lawyer knows he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding."

In aggravation, we find: (1) that the respondent has a history of prior discipline, including a private censure and a public censure, *see People v. Barr*, 805 P.2d 440 (Colo.1991); *ABA Standards* 9.22(a); (2) the existence of a dishonest or selfish motive, *id.* at 9.22(b); (3) a pattern of neglect extending back to 1986, *id.* at 9.22(c); (4) multiple offenses, *id.* at 9.22(d); (5) bad faith obstruction of the disciplinary proceeding by the respondent's intentional failure to comply with the orders of the grievance committee, *id.* at 9.22(e); (6) that the respondent has refused to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); (7) substantial experience in the practice of law on the part of the respondent, *id.* at 9.22(i); and (8) that the respondent has shown indifference to making restitution to the Takimotos and Garrity, *id.* at 9.22(j).

The hearing board found the following factors in mitigation: (1) at the time of the misconduct, the respondent was suffering from personal and emotional problems, *id.* at 9.32(c); and (2) the respondent exhibited some remorse for his misconduct, *id.* at 9.32(*1*). The board also found it significant that the respondent had practiced law for many years without a blemish on his record.

We conclude that suspension for a period of one year and one day strikes the proper balance between these mitigating factors and the seriousness of the respondent's misconduct and our duty to protect the public. We find insufficient evidence in the record, however, to justify the additional requirement that the respondent pursue individual psychotherapy as a condition for reinstatement. Although the hearing board entered an order of default because the respondent failed to answer the complaints, neither complaint asked that therapy be made a condition for reinstatement. We therefore reject this portion of the hearing panel's recommendation.

### III

Accordingly, it is hereby ordered that Stuart George Barr be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is ordered that Barr pay restitution to the Takimotos in the amount of $2,500, plus statutory interest from March 15, 1990, prior to seeking reinstatement. It is further ordered that, within thirty days after the date of this opinion, Barr pay the costs of this proceeding in the amount of $147.66 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. Barr shall not be reinstated until after he has complied with C.R.C.P. 241.22(c) & (d).