**The PEOPLE of the State of Colorado, Complainant,**

v.

**David Paul SMITH, Attorney–Respondent.**

**No. 92SA52.**

Supreme Court of Colorado, En Banc.

April 13, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

David P. Smith, pro se.

PER CURIAM.

This is an attorney discipline proceeding. The assistant disciplinary counsel and the respondent, David Paul Smith, have entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18(a). An inquiry panel of the Supreme Court Grievance Committee unanimously approved the stipulation and its recommendation that the respondent be suspended from the practice of law for one year and one day and that reinstatement be subject to certain conditions. We accept the stipulation and the recommendation of the inquiry panel.

## I

The respondent was admitted to the bar of this court on April 26, 1972, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The stipulation describes three instances of professional misconduct.

■ In the first, the respondent was retained by Charles Rendon in October 1987 to file for bankruptcy on Rendon's behalf. Rendon paid the respondent a total of $2,000 for attorney's fees. After Rendon demanded in January 1988 that the respondent file a petition for bankruptcy immediately, the respondent made an initial filing for business bankruptcy. The bankruptcy petition was later dismissed because required information was missing. Although Rendon urged him to refile the petition, the respondent took no further action on Rendon's behalf. The respondent informed Rendon that he would no longer be able to handle the case and promised to refund all of the $2,000 that Rendon had paid. Rendon eventually successfully concluded both business and personal bankruptcies after hiring another attorney.

Despite repeated requests by Rendon and promises by the respondent that he would comply, the respondent has not refunded any of the $2,000 in fees paid by Rendon. The respondent has admitted, and we agree, that his conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).

In the second matter, the respondent was charged with and admitted violating C.R.C.P. 241.6(7) when he unjustifiably failed to file a written response to the request for investigation sent to him in the Rendon matter.

■ In the third instance of misconduct, the respondent represented Joseph Tafoya in an adversarial bankruptcy proceeding filed by Tafoya's creditors, Gail and Gary Noll. The respondent filed an answer for Tafoya on September 18, 1990. On October 5, 1990, the respondent was suspended from the practice of law for failure to pay his registration fee. *See* C.R.C.P. 227(A)(4)(a). He did not, however, promptly notify his client that he was suspended and unable to represent him in the bankruptcy proceeding. *See* C.R.C.P. 241.21(b), (c). Moreover, the respondent did not attempt to withdraw from the bankruptcy case before the date set for trial or inform the court or opposing counsel that he had been suspended. *See* C.R.C.P. 241.21(c). The respondent received notification in October 1990 by way of a procedural order that the case was set for trial on January 22, 1991, but he took no action to secure substitute counsel, move for continuance, or otherwise protect his client's interests. In December 1990, the respondent finally told Tafoya that he had been suspended and could not represent him. Tafoya did not secure substitute counsel, move for a continuance, or otherwise attempt to protect his own interests. The respondent appeared on the date set for trial and informed the court that he had been suspended. Tafoya was apparently in the Jefferson County jail and did not appear. Based on the respondent's inability to represent Tafoya, Tafoya's failure to comply with the court's procedural order, Tafoya's nonappearance at the trial and failure to request a continuance, the bankruptcy court entered a default judgment against Tafoya which prevented him from discharging a judgment that the Nolls had previously obtained against him. As the respondent stipulated, his conduct violated DR 6–101(A)(3) (neglect of a legal matter), and the notification and withdrawal provisions of C.R.C.P. 241.21(b)-(d).

## II

■ The inquiry panel approved the parties' recommendation that the respondent be suspended for one year and one day and that reinstatement be subject to the satisfaction of certain supplemental conditions. With respect to the respondent's neglect of

the Rendon and Tafoya matters, the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), recommends suspension, in the absence of aggravating or mitigating factors, when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client" or when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *ABA Standards* 4.42. Suspension is also appropriate when "a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." *Id.* at 4.12. As to the respondent's failure to timely notify the parties or the court in the Tafoya bankruptcy proceeding of his suspension, *ABA Standards* 6.22 provides that "[s]uspension is appropriate when a lawyer knows he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding."

The respondent and the assistant disciplinary counsel stipulated to the existence of the following aggravating factors: (1) the respondent has a history of prior discipline, including a letter of admonition and a public censure, *see People v. Smith*, 757 P.2d 628 (Colo.1988), *ABA Standards* 9.22(a); (2) a pattern of neglect, *id.* at 9.22(c); (3) multiple offenses, *id.* at 9.22(d); (4) bad faith obstruction of the disciplinary proceeding by the respondent's failure to comply with the orders of the grievance committee, *id.* at 9.22(e); (5) substantial experience in the practice of law, *id.* at 9.22(i); and (6) the failure to make restitution, *id.* at 9.22(j). The parties have also stipulated, for the purpose of mitigation, that the respondent has suffered from personal and emotional problems, *id.* at 9.32(c), and that he exhibits remorse for his misconduct, *id.* at 9.32(*l*).

In *People v. Barr*, 818 P.2d 761 (Colo. 1991), we suspended an attorney for one year and one day for professional misconduct similar to the misconduct in this case. The *Barr* case also presented comparable factors in aggravation and mitigation. *Id.* at 763. We conclude that a like period of suspension with supplemental conditions is also warranted here. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

## III

It is hereby ordered that the respondent be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). The respondent shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)-(d). It is further ordered that, prior to petitioning for reinstatement, the respondent pay restitution to Rendon in the amount of $2,000, plus statutory interest from February 1, 1988. The respondent must demonstrate as part of the reinstatement process that mental depression does not impair his ability to fulfill his responsibilities as a lawyer. Finally, the respondent is ordered to pay the costs of this proceeding in the amount of $71.09 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202, within thirty days after the date of this opinion.