WILLIAM R. LUCERO PRESIDING DISCIPLINARY JUDGE
*414 Charles Douglas Fagan ("Respondent") was hired to take over a pending civil lawsuit. He entered his appearance but did not send his client a fee agreement or any other written explanation of his fee. Respondent attended mediation with his client but thereafter became unavailable. His client never paid him any attorney's fees. Respondent then failed to participate in this disciplinary proceeding. Respondent's conduct in violation of Colo. RPC 1.3, 1.4(a), 1.16(d), and 8.1(b), as well as C.R.C.P. 251.5(d), warrants suspension for nine months.
I. PROCEDURAL HISTORY
Erin R. Kristofco, Office of Attorney Regulation Counsel ("the People"), filed a complaint with Presiding Disciplinary Judge William R. Lucero ("the Court") on December 27, 2017. The People sent a copy of the complaint to Respondent's registered business and home addresses. Respondent failed to file an answer. By order dated February 21, 2018, the Court entered default, thereby deeming admitted the allegations and claims in the complaint.
On May 7, 2018, the Court held a sanctions hearing under C.R.C.P. 251.15(b). Kristofco represented the People; Respondent did not appear. During the hearing, the Court considered telephone testimony from Rosalyn Pergande[1] and admitted the People's exhibits 1-3.
II. ESTABLISHED FACTS AND RULE VIOLATIONS
The Court adopts and incorporates by reference the averments in the admitted complaint, presented here in condensed form. Respondent took the oath of admission and was admitted to practice law on October 21, 1976, under attorney registration number 07791. He is thus subject to the Court's jurisdiction in this disciplinary proceeding.[2]
In February 2015, Rosalyn Pergande hired Respondent to take over her pending civil litigation, involving her claims of theft and sexual assault. She asked Respondent for a fee agreement, but he did not provide one. Nor did he give her any written explanation of his fee. Pergande did not pay him any attorney's fees.
On November 18, 2015, Respondent entered his appearance in Pergande's case.[3] He attended mediation with Pergande on February 16, 2016. The parties did not reach a settlement but agreed to continue settlement discussions. After the mediation, Pergande was unable to reach Respondent by phone or email or by visiting his home.
Around this time, Pergande received a letter from opposing counsel stating that counsel had tried to reach Respondent but never received a response. Pergande decided to proceed with her lawsuit pro se and was able to settle the case. Respondent never withdrew as Pergande's counsel.
The People left several voicemail messages for Respondent and sent him multiple letters at his registered address, asking for information about Pergande's case. He failed to respond.
In this matter, Respondent violated four Rules of Professional Conduct:
*415 • By failing to respond to opposing counsel and Pergande and abandoning Pergande's case, Respondent violated Colo. RPC 1.3. This rule requires a lawyer to act with reasonable diligence and promptness when representing a client.
• Respondent violated Colo. RPC 1.4(a), which requires a lawyer to reasonably communicate with a client, in two ways: by failing to keep Pergande reasonably informed about the status of her case and by failing to timely respond to her reasonable requests for information.
• Respondent violated Colo. RPC 1.16(d), which mandates that a lawyer protect a client's interests upon termination of the representation, including by giving reasonable notice to the client and allowing time to hire other counsel. He contravened this rule by effectively terminating the attorney-client relationship, failing to communicate with Pergande despite her numerous attempts to contact him, and failing to take any other action on Pergande's case. He also violated this rule by failing to give Pergande notice that he had abandoned her case, to advise her to hire another lawyer, and to take steps necessary to protect her interests.
• By knowingly failing to respond to the People's numerous requests for information, Respondent violated Colo. RPC 8.1(b) and C.R.C.P. 251.5(d). These rules require a lawyer to respond to a lawful demand for information from a disciplinary authority.
III. SANCTIONS
The American Bar Association Standards for Imposing Lawyer Sanctions ("ABA Standards ")[4] and Colorado Supreme Court case law guide the imposition of sanctions for lawyer misconduct.[5] When imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state, and the actual or potential injury caused by the misconduct. These three variables yield a presumptive sanction that may be adjusted based on aggravating and mitigating factors.
ABA Standard 3.0 - Duty, Mental State, and Injury
Duty : Respondent violated several obligations central to the lawyer-client relationship, including his duties of diligence, communication, and loyalty. He also violated his duty owed as a professional to cooperate with disciplinary authorities and to protect his client's interests upon termination.
Mental State : The Court's order entering default establishes that Respondent knowingly violated Colo. RPC 8.1(b) and C.R.C.P. 251.5(d). The admitted facts in the complaint establish a strong inference that he violated the other rules with a knowing state of mind when he failed to act with diligence, to respond to Pergande's and opposing counsel's communications, and to keep his client informed about her case.
Injury : Pergande testified that during her case, she felt harmed by Respondent's inaction. She said that her family experienced additional stress because he abandoned her representation, and she was fearful about what would happen to her lawsuit. Respondent's decision to abandon Pergande's case after the mediation also caused her potential injury. Settlement negotiations were ongoing yet he did not advise Pergande to hire a new lawyer. Had Pergande been unable to settle her case, she would have been forced to proceed pro se or retain a new lawyer.
ABA Standards 4.0-7.0 - Presumptive Sanction
ABA Standard 4.42 provides that suspension is generally appropriate when a lawyer knowingly fails to perform a service for a client and causes injury or potential injury to a client. ABA Standard 7.2 applies when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system. As the theoretical framework of the ABA Standards notes, "[t]he ultimate sanction imposed *416 should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations; it might well be and generally should be greater than the sanction for the most serious misconduct."[6]
ABA Standard 9.0 - Aggravating and Mitigating Factors
Aggravating circumstances include any considerations or factors that may justify an increase in the degree of the presumptive sanction to be imposed, while mitigating circumstances may warrant a reduction in the severity of the sanction.[7] Three aggravating factors are present here: Respondent was previously disciplined in 1989 and 1990; he violated multiple rules; and he has substantial experience in the practice of law.[8] Because Respondent did not participate in this proceeding, the Court is aware of only one mitigating factor: remoteness of prior disciplinary offenses.[9] Because the aggravator of prior discipline is counter-balanced by the mitigator of remoteness in time, the Court applies only the remaining two aggravating factors.
Analysis Under ABA Standards and Colorado Case Law
The Court is aware of the Colorado Supreme Court's directive to exercise discretion in imposing a sanction and to carefully apply aggravating and mitigating factors,[10] mindful that "individual circumstances make extremely problematic any meaningful comparison of discipline ultimately imposed in different cases."[11] Though prior cases are helpful by way of analogy, the Court is charged with determining the appropriate sanction for a lawyer's misconduct on a case-by-case basis.
Colorado Supreme Court case law supports imposition of a sanction somewhat less severe than a fully served suspension for one year and one day, as the People request.[12] In cases involving the type of misconduct at issue here, suspensions lasting one year or longer typically have addressed instances of serious neglect resulting in grave injury.[13] For instance, in People v. Rishel , the Colorado Supreme Court suspended a lawyer for one year and one day for engaging in significant neglect of two client matters.[14] In the first matter, the lawyer failed to notify his client of a hearing concerning modification of child support, visitation, and his client's contempt; the client was forced to hire another attorney when she by chance learned of the hearing two days before it occurred.[15] In addition, the lawyer never refunded the client's unearned fees, provided an accounting, or moved to withdraw from the client's representation.[16] While representing a second client, the lawyer failed to respond to the *417 client's communications, to provide an accounting, or to refund unearned fees.[17]
In People v. Johnson , the Colorado Supreme Court accepted a conditional admission and suspended for a year and a day a lawyer who engaged in serious misconduct in two cases.[18] In the first matter, the lawyer failed to safeguard client funds and to file an opening brief, leading to a determination that the client received ineffective assistance of counsel.[19] The lawyer also refused to provide a written accounting upon request, neglected to surrender client funds upon termination, and negligently converted client funds.[20] Additionally, in a second matter, the lawyer failed to prosecute his clients' case, leading to its dismissal, and then, in the course of his clients' malpractice action, failed to appear for his deposition, neglected to answer written discovery, and delayed for two years paying his clients' the attorney's fees award he owed them.[21]
A served suspension of six months typically is viewed as a baseline sanction, to be adjusted upward or downward in consideration of aggravating or mitigating factors.[22] Using this as a baseline, the Court finds that the two applicable factors in aggravation, coupled with Respondent's failure to participate in this proceeding, support a served suspension of nine months. The Court concludes that this determination is also supported by the relevant case law. Like the lawyers in Rishel and Johnson , Respondent lacked diligence and failed to reasonably communicate with his client. But Respondent did not mishandle client funds or engage in misconduct in multiple client matters, nor did his misconduct result in serious injury. Accordingly, the Court concludes that suspension for nine months is warranted.
IV. CONCLUSION
Respondent abandoned his fundamental duty to diligently represent his client and to communicate with her about her case. His misconduct, including his failure to cooperate with the People's investigation, merits the suspension of his law license for nine months.
V. ORDER
The Court therefore ORDERS :
1. CHARLES DOUGLAS FAGAN , attorney registration number 07791 , will be SUSPENDED FROM THE PRACTICE OF LAW FOR NINE MONTHS . The SUSPENSION SHALL take effect only upon issuance of an "Order and Notice of Suspension."[23]
2. Respondent SHALL promptly comply with C.R.C.P. 251.28(a)-(c), concerning winding up of affairs, notice to parties in pending matters, and notice to parties in litigation.
3. Respondent also SHALL file with the Court, within fourteen days of issuance of the "Order and Notice of Suspension," an affidavit complying with C.R.C.P. 251.28(d), requiring an attorney to file an affidavit with the Court *418 setting forth pending matters and attesting, inter alia , to notification of clients and other jurisdictions where the attorney is licensed.
4. The parties MUST file any posthearing motion on or before Thursday, June 21, 2018 . Any response thereto MUST be filed within seven days.
5. The parties MUST file any application for stay pending appeal on or before Thursday, June 28, 2018 . Any response thereto MUST be filed within seven days.
6. Respondent SHALL pay the costs of this proceeding. The People SHALL submit a statement of costs on or before Thursday, June 21, 2018 . Any response thereto MUST be filed within seven days.

On April 12, 2018, the Court granted the People's motion to permit Pergande's testimony by telephone.

See C.R.C.P. 251.1(b).

See Ex. 3.

Found in ABA Annotated Standards for Imposing Lawyer Sanctions (2015).

See In re Roose, 69 P.3d 43, 46-47 (Colo. 2003).

ABA Annotated Standards for Imposing Lawyer Sanctions xx.

See ABA Standards 9.21 & 9.31.

ABA Standards 9.22(a), (d), & (i).

ABA Standards 9.32(m).

See In re Attorney F. , 285 P.3d 322, 327 (Colo. 2012) ; In re Fischer , 89 P.3d 817, 822 (Colo. 2004) (finding that a hearing board had overemphasized the presumptive sanction and undervalued the importance of mitigating factors in determining the needs of the public).

In re Attorney F. , 285 P.3d at 327 (quoting In re Rosen , 198 P.3d 116, 121 (Colo. 2008) ).

The Court notes that the only cases cited by the People are prior decisions of this Court, which are neither precedential nor particularly helpful to the Court. See In re Roose, 69 P.3d 43, 48 (Colo. 2003) (stating that only the Colorado Supreme Court "has the power to determine the law of this jurisdiction as applied in disciplinary proceedings").

See People v. Paulson , 930 P.2d 582, 582 (Colo. 1997) (suspending a lawyer in a default proceeding for one year and one day for, among other rule violations, neglect of three client matters, failure to communicate in two matters, and failure to deliver funds or other property to the client and render a full accounting); People v. Barr , 818 P.2d 761, 763 (Colo. 1991) (suspending a lawyer for one year and one day for, among other rule violations, neglect of one client's matter and failure to promptly return property or funds to the client).

956 P.2d 542, 542 (Colo. 1998).

Id . at 543.

Id .

Id .

944 P.2d 524, 525 (Colo. 1997).

Id .

Id . at 525-26.

Id . at 526-27.

See ABA Standard 2.3; see also In re Cummings , 211 P.3d 1136, 1140 (Alaska 2009) (imposing a three-month suspension based on a six-month "baseline" set forth in ABA Standard 2.3, considered in conjunction with applicable mitigating factors); In re Moak , 205 Ariz. 351, 71 P.3d 343, 348 (2003) (noting that the presumptive suspension period is six months); In re Stanford , 48 So.3d 224, 232 (La. 2010) (imposing a six-month deferred suspension after considering the "baseline sanction" of six months served and deviating downward from that sanction based on one aggravating factor, four mitigating factors, and no actual harm caused); Hyman v. Bd. of Prof'l Responsibility , 437 S.W.3d 435, 449 (Tenn. 2014) (describing a six-month served suspension as a baseline sanction, to be increased or decreased based on aggravating or mitigating circumstances); In re McGrath , 174 Wash.2d 813, 280 P.3d 1091, 1101 (2012) ("If suspension is the presumptive sanction, the baseline period of suspension is presumptively six months.").

In general, an order and notice of suspension will issue thirty-five days after a decision is entered under C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.